**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4229

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISAQ RAHIM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (3:05-cr-00496)

Submitted: September 5, 2007      Decided: September 14, 2007

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Winston David Holliday, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Isaq Rahim was convicted of one count of trafficking counterfeit goods, in violation of 18 U.S.C.A. § 2320(a) (West 2000 & Supp. 2007). The district court sentenced Rahim to three years' probation with six months' home confinement and a $100 special assessment. Rahim timely appealed.

Rahim's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court erred by denying Rahim's motion to suppress evidence seized after a pretextual traffic stop. Rahim did not file a pro se supplemental brief, despite being notified of his right to do so. The Government declined to file a responding brief. Finding no error, we affirm.

We review the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 546 U.S. 856 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Because Officer Deering had probable cause to believe that a traffic violation occurred, the decision to stop Rahim's vehicle was objectively reasonable under the Fourth Amendment, regardless of the officer's subjective motivations. See Whren v. United States,

517 U.S. 806, 810-13 (1996); United States v. Hassan El, 5 F.3d 726, 730 (4th Cir.), cert. denied, 511 U.S. 1006 (1994). Our review of the record leads us to conclude that the district court correctly denied the motion to suppress.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Rahim's conviction and sentence. This court requires that counsel inform Rahim, in writing, of his right to petition the Supreme Court of the United States for further review. If Rahim requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rahim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED